UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK D. KRAFT,

       Plaintiff,                                Hon. Phillip J. Green

v.                                                      Case No. 1:22-cv-00267

ROGER POEL, et al.,

       Defendants.

_____/

## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 41) and Defendants' Motion for Summary Judgment (ECF No. 44). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Paul L. Maloney referred this case to the undersigned. For the reasons discussed herein, Defendant's motion (ECF No. 41) will be granted and Defendants' motion (ECF No. 44) will be denied.

## BACKGROUND

Plaintiff Mark Kraft initiated this action on March 23, 2022, against People Helping People of Pullman, Inc. (ECF No. 1). On June 2, 2022, Plaintiff amended his complaint to add claims against Mark Poel. (ECF No. 5). In his amended complaint, Plaintiff alleges the following.

On July 20, 2019, Defendant People Helping People of Pullman, Inc. (PHP) was operating a "festival, commonly known as 'Pullman Days.'" As part of this festival, PHP "maintained and/or operated a miniature train in which the public was invited to ride." This train consisted of several two-wheeled carts which were connected and pulled by an All-Terrain Vehicle (ATV). On July 20, 2019, Defendant Roger Poel was the "operator or conductor" of this train.

While riding in one of the train cars, the train "went through a sandy area and the last car upon which Plaintiff was sitting turned over," injuring Plaintiff. Specifically, Plaintiff "suffered serious injuries to various parts of his body including to his left and right shoulders, including rotator cuff tears to both, requiring surgery." Plaintiff alleges that Defendants PHP and Poel were "negligent" by breaching the various duties they owed him. Defendants PHP and Poel now move for summary judgment. Plaintiff has responded to the motions. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

## ANALYSIS

### I. Michigan Law Applies

Plaintiff asserts, without challenge, that jurisdiction in this Court is proper based upon the diversity of the parties' citizenship and the amount sought in relief. *See* 28 U.S.C. § 1332. In a diversity action, a federal court must apply the choice of law rules of the forum state. *See, e.g., Stone Surgical, LLC v. Stryker Corp.*, 858 F.3d 383, 389 (6th Cir. 2017). Under Michigan law, the "law of the forum" applies to tort claims unless there exists "a rational reason to displace it." *Briscoe v. NTVB Media, Inc.*, 2023 WL 2950623 at *8 (E.D. Mich., Mar. 3, 2023). Neither party has advanced an argument that Michigan law should not apply. The Court likewise discerns no basis for applying another state's law to Plaintiff's negligence claims. Accordingly, the Court concludes that Michigan law applies.

### II. Volunteer Protection Act

Federal law provides limited immunity to individuals who volunteer for non-profit organizations. Specifically, the Volunteer Protection Act (VPA) provides that:

> no volunteer of a nonprofit organization. . .shall be liable for harm caused by an act or omission of the volunteer on behalf of the organization or entity if –

> (1) the volunteer was acting within the scope of his responsibilities at the time of the act or omission;
>
> (2) if appropriate or required, the volunteer was properly licensed, certified, or authorized by the appropriate authorities for the activities or practice in the State in which the harm occurred;
>
> (3) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer; and
>
> (4) the harm was not caused by the volunteer operating a motor vehicle, vessel, aircraft, or other vehicle for which the State requires the operator or the owner of the vehicle, craft, or vessel to –
>
>> (A) possess an operator's license; or
>>
>> (B) maintain insurance.

42 U.S.C. § 14503(a)(3).

While states are free to enact laws providing greater protection to volunteers, the VPA "controls and preempts silent or inconsistent state law." *Waschle ex rel. Birkhold-Waschle v. Winter Sports, Inc.*, 127 F.Supp.3d 1090, 1093 (D. Montana 2015). The parties have not identified any Michigan law that would provide greater immunity or protection in this matter.

As for whether Defendant satisfies the VPA's requirements, Defendant has presented authority and/or evidence that: (1) PHP was a qualifying non-profit organization; (2) Defendant Poel was a volunteer acting within the scope of his responsibilities when the incident in question occurred; and (3) Michigan does not require the operator or owner of an ATV to possess an operator's license or maintain

insurance. (ECF No. 46 at PageID.345-49). Plaintiff makes no challenge to this evidence or authority. Instead, the parties dispute whether Defendant Poel's conduct constitutes gross negligence, reckless misconduct, or a conscious, flagrant indifference to Plaintiff's rights or safety.

Plaintiff argues that there exists a genuine factual dispute whether Defendant's conduct satisfies any of these heightened standards. Defendant Poel advances a more fundamental argument. Specifically, he argues that the VPA immunizes him against claims for ordinary negligence and Plaintiff, in his amended complaint, asserts only that Defendants engaged in ordinary negligence. As such, Plaintiff's claim against Defendant Poel fails as a matter of law. The Court agrees.

In his amended complaint, Plaintiff clearly alleges that Defendants engaged in ordinary negligence. There are no allegations in Plaintiff's amended complaint that can reasonably be interpreted as asserting that Defendant Poel was grossly negligent, engaged in reckless misconduct, or exhibited a conscious or flagrant indifference to Plaintiff's rights or safety. Defendant has a right to "fair notice" of the claims against which he must defend. *See, e.g., Kensu v. Corizon, Inc.*, 5 F.4th 646, 649-50 (6th Cir. 2021). The pleading to which a defendant looks to discern this information is the operative complaint. Here, the operative complaint alleges nothing more than Defendants committed ordinary negligence. As discussed above, however, Defendant Poel enjoys immunity from claims of ordinary negligence. Accordingly, Defendant Poel is entitled to summary judgment.

Plaintiff counters that "if this Court is inclined to grant" Defendant's motion,

he "must be given the opportunity to amend." Plaintiff previously amended his complaint as a matter of course. At this juncture, therefore, Plaintiff may amend his complaint only with Defendants' consent, which has not been given, or leave of Court. *See* Fed. R. Civ. P. 15(a). While Rule 15 instructs the Court to freely grant leave to amend "when justice so requires," Plaintiff must first move the Court for leave to amend his complaint. Plaintiff, however, has not moved the Court for leave to amend. Instead, Plaintiff seeks the equivalent of an improper advisory opinion.

A bedrock principle in American jurisprudence is that the federal judiciary lacks the authority to issue advisory opinions. *See, e.g., United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947) ("the federal courts established pursuant to Article III of the Constitution do not render advisory opinions"). Plaintiff could have, in response to Defendant's motion or in light of evidence learned during discovery, moved to amend his complaint. Instead, Plaintiff seeks to prosecute the claims in his amended complaint unless the Court "is inclined" to grant Defendant's motion in which case Plaintiff asserts the desire to again amend his complaint. Plaintiff has identified no authority supporting such a novel approach to the amendment of pleadings.

Plaintiff must decide for himself whether he wishes to prosecute the claims in his amended complaint or whether he instead desires to amend his complaint to assert new or different claims. As the master of his complaint, Plaintiff has the freedom to make this decision. It is a decision, however, he must make without first being informed by the Court whether it is "inclined" to grant Defendant's motion for

summary judgment. By failing to properly move to amend his complaint, Plaintiff has made the conscious choice to advance against Defendant Poel the ordinary negligence claim articulated in his amended complaint. For the reasons articulated above, Defendant Poel is entitled to summary judgment on this claim. Accordingly, Defendant Poel's motion for summary judgment, (ECF No. 41), is granted.

### III. Recreational Activity Doctrine

Under Michigan law, when a participant in a "recreational activity" suffers a foreseeable injury at the hands of a co-participant, the co-participant is liable to the injured party only if the co-participant acted with "reckless misconduct." *See, e.g., Fastabend v. Karlberg*, 2017 WL 514248 at *5 (W.D. Mich., Feb. 8, 2017); *Bertin v. Mann*, 918 N.W.2d 707, 710 (Mich. Sup. Ct. 2018). This notion is generally referred to as the Recreational Activity Doctrine. Defendants PHP and Poel both argue they are entitled to summary judgment based on the Recreational Activity Doctrine. Defendants' motion falls short because there exist at least two matters on which there exist factual disputes sufficient to preclude summary judgment.[1]

First, the recklessness standard applicable to co-participants in a recreational activity "only applies to injuries that arise from risks inherent in the activity." *Bertin*, 918 N.W.2d at 710. Defendants assert that "any adult" who rode the train ride in question "through the woods over uneven terrain would understand there is a

---

[1] For present purposes, the Court will assume, without deciding, that the train ride on which Plaintiff was injured is properly characterized as a "recreational activity" for purposes of the Recreational Activity Doctrine.

risk of tipping and falling from the cart." As the *Bertin* court noted, "[t]he foreseeability of the risk is a question of fact." *Id.* at 716. Defendants have presented no evidence, however, that Plaintiff was aware that the train ride would take him "through the woods over uneven terrain." Defendants have likewise presented no evidence on the question what Plaintiff knew, or should have known, about the train ride, such as the location the train would travel or the nature of the terrain over which it would be traveling. This failure is significant because as the *Bertin* court observed, when assessing whether a particular risk was foreseeable, "[t]he risk must be defined by the factual circumstances of the case – it is not enough that the participant could foresee being injured in general; the participant must have been able to foresee that the injury could arise through the 'mechanism' it resulted from." *Ibid.*

Second, even if the Court were to assume that Plaintiff's injury was foreseeable, Defendants have failed to establish the absence of factual dispute on the question whether Defendant Poel acted recklessly. In this respect, the evidence submitted by the parties is in significant conflict and the evidence submitted by Plaintiff would appear to support the conclusion by a reasonable jury that Defendant Poel acted recklessly. In sum, Defendants have failed to establish the absence of factual dispute on the questions whether (1) the risk of injury in this matter was foreseeable by Plaintiff and (2) whether Defendant Poel acted recklessly. Thus, summary judgment for Defendants is not appropriate on basis of the Recreational Activity Doctrine.

Finally, Defendant PHP's motion for summary judgment must be denied for yet an additional reason. The Recreational Activity Doctrine examines "the proper standard of care among coparticipants for unintentional conduct in recreational activities." *See Ritchie-Gamester v. City of Berkley*, 597 N.W.2d 517, 519 (Mich. Sup. Ct. 1999). Defendant PHP has identified no authority suggesting that the recklessness standard, which applies to co-participants in a recreational activity, likewise applies to non-participants such as PHP. Accordingly, Defendant PHP's motion for summary judgment is denied for this alternative reason as well.

## CONCLUSION

For the reasons articulated herein, Defendant's Motion for Summary Judgment (ECF No. 41) is granted and Defendants' Motion for Summary Judgment (ECF No. 44) is denied. Plaintiff's claim against Defendant Roger Poel is hereby dismissed and Plaintiff's claim against Defendant People Helping People of Pullman, Inc., shall proceed forward. An Order consistent with this Opinion will enter.

Date: October 10, 2023
/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge